# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANDA CROCKETT,<br><br>                              Plaintiff,<br>  vs.<br>GE CAPITAL RETAIL BANK, and DOES 1 through 100, inclusive,,<br><br>                              Defendants. | CASE NO. 3:13-CV-946-LAB-DHB<br><br>**ORDER RE: AUTOMATIC STAY** |

Plaintiff has notified the Court that she has filed for bankruptcy, and she invokes the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), to suggest that this case is stayed. This is wrong.

The automatic stay provision doesn't cover cases, like this one, in which the debtor is a plaintiff. *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011) ("The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor."); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("For in any event the automatic stay is inapplicable to suits *by* the bankrupt ('debtor,' as he is now called . . . .").

//

//

Plaintiff is free to seek a stay on other grounds, *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), but the Court finds no authority for staying this case under § 362(a) of the Bankruptcy Code. Absent some better explanation as to why the automatic stay provision of the Code applies here, Plaintiff must either pursue this case or drop it. Magistrate Judge Bartick may reinstate the pretrial dates in this case.

**IT IS SO ORDERED**.

DATED: May 10, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge